

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 20, 1972

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-1266

Re: Whether the Harris County
Community Mental Health and
Mental Retardation Center is
an agency of the State or
county agency and related
questions.

Dear Mr. Resweber:

In your recent request on behalf of the Harris County
Commissioners Court you ask our opinion on the following
questions:

"1.  Is the Harris County Commissioners
Court (as the governing body of Harris County)
authorized to act as the Board of Trustees for
the Harris County Community Mental Health and
Mental Retardation Center?

"2.  Is the Harris County Community Mental
Health and Mental Regardation Center a county
department or an agency of the state?

"3.  If the Harris County Community Mental
Health and Mental Retardation Center is an
agency of the state, can the Commissioners Court
(by resolution entered in its minutes) convert it
into a county department?"

Respecting question one, Article 5547-203, Section 3.01(a)
Vernon's Civil Statutes, provides, in part, as follows:

-6209-

"Local agencies which may establish and
operate community centers are a county, a city,
a hospital district, a school district, or any
organizational combination of two (2) or more
of these. . . "

Section 3.02(a) of the same Article provides in part:

"The board of trustees of community centers
established by a single city, county, hospital
district or school district may be the governing
body of the single city, county, hospital district
or school district, or that governing body may
appoint from among the qualified voters of the
region to be served a board of trustees consisting
of not less than five (5) nor more than nine (9)
persons. . ."

From the above quoted portions of the statute it is our
opinion that the Harris County Commissioners Court is authorized
to act as the Board of Trustees of the Harris County Community
Mental Health and Mental Retardation Center.

With respect to question two as to whether a community center
is an agency of the state or a county department, we must look
to the whole Act as codified in Articles 5547-201 through 5547-204,
Vernon's Civil Statutes.

The agencies of the state that are created by the Act to
accomplish the required mental health purposes are the Texas
Department of Mental Health and Mental Retardation and the
community centers, which under Section 3.14 of Article 5547-203,
in collecting fees for treatment of non-indigents, is granted
". . . the same rights, privileges and powers granted to the Texas
Department of Mental Health and Mental Retardation."  Other
"local agencies" mentioned in Section 3.01(a) of the Act are
counties, hospital districts, school districts, and municipalities.
These are agencies of the state also.  See Vol. 40, Words &
Phrases, p. 27, "State Agency", and cases there annotated.

The purpose and policy as expressed by the Legislature is found in Article 5547-201, Section 1.01 (a) and (b).

> "1.01(a).   It is the purpose of this Act to provide for the conversation and restoration of mental health among the people of this state, and toward this end to provide for the effective administration and coordination of mental health services at the state and local levels, and to provide, coordinate, develop and improve services for the mentally retarded persons of this state to the end that they will be afforded the opportunity to develop their respective mental capacities to the fullest practicable extent and to live as useful and productive lives as possible.

> "(b).   The legislature declares that the public policy of this state is to encourage local agencies and private organizations to assume responsibility for the effective administration of mental health and mental retardation services, with the assistance, cooperation, and support of the Texas Department of Mental Health and Mental Retardation created by this Act."

Article 3 of the Act deals with the creation, organization, powers and duties of community centers. While community centers come into existence through a voluntary establishment by a "local agency" under authority of the enabling legislation of Article 5547-203, Section 3.01, once established a center becomes a juristic entity with an administrative board, a director and employees, which exercise a delegated portion of the sovereign power of the state and which do not exist independent of the state but which are allocated state monies or property by the state department and operate under the department's rules and regulations. Section 4.01, et seq. of Article 5542-203. The community centers thus meet the legal criteria of an agency of the state. See Allis-Chalmers Mfg. Co. v. Curtis Electrical Co., 259 S.W.2d 919-920-921, aff'd 153 Tex. 118, 264 S.W.2d 700, 701 (1954); 40 Words & Phrases 27, "State Agency."

In Attorney General's Opinion C-584 (1966) this office held that community centers were agencies of the state as follows:

"It thus appears that the community centers which would be established under Article 3 of House Bill 3, Acts of the 59th Legislature, Regular Session, 1965, become <u>an agency of the State of Texas</u> . . ." (Emphasis added.)

Since 1966, the Legislature has met numerous times and has not seen fit to amend the statute so as to alter the affect of our holding, which has been followed up to this time. Under these circumstances, our opinion is entitled to great weight in the courts, which will follow it unless clearly wrong. <u>Thomas v. Grobl</u>, 147 Tex. 70, 212 S.W.2d 625 (1948). Furthermore, it is the policy of this office to follow an earlier opinion on the same subject in the absence of some change in the law by court decision or otherwise unless the opinion is shown to be clearly wrong. Attorney General's Opinion No. M-605 (1970).

Having held that a community center is an "agency of the state", we stress, however, that we are not thereby holding that it is a "state agency". A legal distinction exists to distinguish the two terms and they are not synonymous. The term "state officer" is not synonymous with "officer of the state", since by the former term is meant one who exercises statewide jurisdiction and duties as distinguished from one exercising more limited or localized jurisdiction and duties. 81 C.J.S. 969-970, States, Sec. 52; and see <u>Willis v. Potts</u>, 377 S.W.2d 622 (Tex.Sup. 1964), wherein the court held that a city councilman was not a state officer but was holding an office under the state for purposes of dual office holding.

Our holding in Opinion No. M-538 (1969) is accordingly to be distinguished from the present holding, for in that opinion we held that a community center was not subject to the Texas Tort Claims Act, Article 6252-19. Our rationale was that the Legislature intended by the Act to make the state liable for

certain torts wherein the tort was committed by a defined "unit of government"; that is, the State of Texas and those state agencies "which collectively constitute the government of the State of Texas"; all political subdivision, cities, counties, and schools and other enumerated districts and authorities; and all those institutions, agencies and organs of government whose status and authority is derived by the Constitution or laws passed pursuant to the Constitution. We concluded in the opinion that the community center did not fairly fall within the definition, it being merely a component part of such a "defined" unit of government which is "created either by unilateral action or contract by or between designated local governmental bodies". A community center is not a political subdivision, except where by statutory definition it is made so for certain purposes, nor within contemplation of the Tort Claims Act an agency created by the Constitution or a law enacted pursuant thereto. Nor, under that Act is it such a unit of government which with other agencies collectively constitutes the government of the State of Texas. It has no power to tax or raise revenues and no power of eminent domain. It exercises no power of local self government, but it does administer mental health and mental retardation programs as approved and regulated by a state agency which controls the amount of funds it receives for that purpose. In carrying out and administering its program, it is acting as an agent of the state. Yet it is not such a state agency as defined and as is contemplated for tort liability by the Texas Tort Claims Act.

With regard to question three, the Commissioners' Court is a constitutional entity exercising only such powers as are conferred upon it by the Constitution or statutes. Art. V, Sec. 18, Tex.Const. and Art. 2351, V.C.S. We find no authority in these or in any other provisions of law for it to change by resolution a community center into a county department.



## S U M M A R Y

The Harris County Commissioners' Court is authorized under Article 5547-203, Section 3.02(a), Vernon's Civil Statutes, to act as the board of trustees for the Harris County Community Mental Health and Mental Retardation Center. Such a community center is an agency of the state and as such cannot be changed into a county department by resolution of county commissioners' court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harry C. Green
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James Hackney
Lynn Taylor
Harriet Burke
Jack Goodman

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant